```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

JONATHAN MICHAEL RUIZ                           CIVIL ACTION

VERSUS                                          NO: 13-5801

JAMES LEBLANC, ET AL.                           SECTION: R(3)


**ORDER**

Plaintiff Jonathan Michael Ruiz, an inmate at Rayburn B.B. "Sixty" Correctional Center (RCC), has filed an amended complaint in a civil lawsuit under 42 U.S.C. § 1983.[1] After plaintiff filed his original complaint in 2013, the Magistrate Judge recommended that plaintiff's federal civil rights claims be dismissed with prejudice as frivolous and that his state law claims be dismissed without prejudice.[2] Plaintiff then moved to amend his complaint to cure any defects and state more particularized claims.[3] This Court expressed skepticism that plaintiff could cure the defects in his original complaint by amendment, but nonetheless allowed him <u>one</u> opportunity to amend.[4]

After reviewing plaintiff's amended complaint, the Magistrate Judge has again recommended that plaintiff's claims be dismissed with prejudice as frivolous, for failing to state a claim for which

---

[1]   R. Doc. 8.

[2]   R. Doc. 4.

[3]   R. Doc. 6.

[4]   R. Doc. 7.

relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.[5] The Magistrate Judge has further recommended that plaintiff's state law claims be dismissed without prejudice.[6] The Court, having reviewed *de novo* plaintiff's complaint, the applicable law, the Magistrate Judge's Report and Recommendation (R&R), and plaintiff's objections thereto,[7] hereby approves the R&R and adopts it as its opinion.

Plaintiff objects to the R&R on three grounds.[8] First, plaintiff argues that the Magistrate Judge subjected plaintiff to a "heightened pleading standard beyond Rule 8(a)" of the Federal Rules of Civil Procedure.[9] Plaintiff's objection is without merit. The Magistrate Judge broadly construed plaintiff's complaint, but ultimately found that his allegations failed to state a claim for which relief may be granted.[10] Plaintiff's objection is overruled.

Second, plaintiff objects that the Magistrate Judge incorrectly analyzed plaintiff's First Amendment challenge to prison officials' confiscation of his personal magazines. Specifically, plaintiff argues that the Magistrate Judge

---

[5]   R. Doc. 9.

[6]   *Id.*

[7]   R. Doc. 12.

[8]   *Id.*

[9]   *Id.* at 1.

[10]   R. Doc. 9 at 4, 13.

inappropriately presumed that defendants' actions were taken to further the State's interest in rehabilitation.[11]

In *Turner v. Safley*, the United States Supreme Court outlined four factors to consider in determining whether a prison regulation is valid. 482 U.S. 78, 89 (1987). The first factor is whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." *Id.* at 89 (internal quotations omitted). Plaintiff argues that to satisfy *Turner*, defendants should have independently come forward with a legitimate justification for the disciplinary action taken against him and that the Magistrate Judge erred in his R&R by assuming that one existed.[12]

To support his argument, plaintiff relies on a number of cases from other jurisdictions.[13] Plaintiff's best case is *Beerheide v. Suthers*, in which the Tenth Circuit Court of Appeals explained that "to satisfy this prong of the test, the prison administration is required to make a minimal showing that a rational relationship exists between its policy and stated goals." 286 F.3d 1179, 1186 (10th Cir. 2002). The Tenth Circuit explained that although *Turner* requires courts "to defer to the expertise of prison officials, that deference is not absolute. In order to warrant deference,

---

[11]   R. Doc. 12 at 8-9.

[12]   *Id.*

[13]   *Id.* at 9-10.

prison officials *must present credible evidence* to support their stated penological goals." *Id.* at 1189.

While the Court agrees that *Turner* requires a defendant to "put forward" a legitimate governmental interest to justify a challenged prison regulation, the Court does not interpret this requirement to mean that a defendant must literally plead and submit to the Court, in writing, any specific justification. Both the Supreme Court and the Fifth Circuit permit courts to base their *Turner* analyses on the explanations generally provided in a prison's handbook. *See, e.g.*, *Overton v. Bazzetta*, 539 U.S. 126, 133-34 (2003) (holding that the Michigan Department of Corrections' visitation policies were rationally related to maintaining prison safety and security); *Thornburgh v. Abbott*, 490 U.S. 401, 414-15 (1989) (holding that the government's security objectives underlying prison mail regulations were legitimate); *Samford v. Dretke*, 562 F.3d 674, 680 (5th Cir. 2009) (holding that the Texas Department of Criminal Justice's "negative mail list" rules were rationally related to the legitimate interest of protecting crime victims from unwanted communication).

Indeed, the facts of *Thornburgh* are sufficiently similar to the facts of this case to defeat plaintiff's objection. *See* 490 U.S. 401 (1989). In *Thornburgh*, a class of inmates challenged the Federal Bureau of Prisons' mail regulations as unconstitutional. *Id.* at 403. The regulations allowed prisoners to receive outside

4

publications but authorized prison officials to intercept publications "detrimental to the security, good order, or discipline of the institution or [that] might facilitate criminal activity." *Id.* at 403 & n.1. In evaluating whether the mail regulations were consistent with the First Amendment, the Court held that the legitimacy of the governmental objectives underlying the regulations, as outlined by the Federal Bureau of Prisons handbook, was "beyond question." *Id.* at 414-15. The regulations were "expressly aimed at protecting prison security, a purpose [that] is central to all other corrections goals." *Id.* at 415 (internal quotations omitted).

In plaintiff's case, RCC promulgates the Department of Public Safety and Corrections Offender Posted Policies ("DOPP").[14] DOPP #008 concerns mail regulations.[15] DOPP #008 explicitly provides that inmates may send and receive mail "subject to the limitations necessary to protect legitimate penological objectives, including but not limited to the deterrence of crime, rehabilitation of offenders, [and] maintenance of internal/external security of an institutions," among others.[16] DOPP #008 further provides that a publication may be refused if: (1) "it interferes with legitimate penological objectives;" (2) "it interferes with rehabilitation of

---

[14]   R. Doc. 8 at 5.

[15]   R. Doc. 12-1 at 30.

[16]   *Id.*

offenders;" and/or (3) "it interferes with maintenance of internal/external security; . . ." among other reasons.[17] If the prison intercepts an inmate's mail, he will be notified that the publication has been confiscated for violating DOPP #008.[18]

In March 2011, RCC notified plaintiff that the mail room rejected his subscription to Seventeen magazine for being "inappropriate."[19] In May 2011, defendant Robert C. Tanner, the warden of RCC, wrote to plaintiff and explained that the prison intercepted Seventeen magazine because plaintiff was incarcerated for pleading guilty to possession of child pornography and plaintiff previously violated prison rules on eight occasions, one of which also involved possession of child pornography.[20] Due to the nature of plaintiff's offenses, the prison warden refused to allow him to possess publications "normally intended for minors."[21] Prison officials then searched and seized from plaintiff's belongings additional magazines depicting young children--Parenting and Family Fun--as well as plaintiff's illicit drawings modeled after children in the magazines.[22] As plaintiff pursued the

---

[17] *Id.* at 38.

[18] *Id.* at 39.

[19] R. Doc. 8 at 13.

[20] R. Doc. 12-1 at 19.

[21] *Id.*

[22] R. Doc. 8 at 15; R. Doc. 12-1 at 3, 15.

prison's disciplinary appeals process for his rule infractions, he was repeatedly referred back to the warden's letter and told that his possession of magazines depicting minor females was a safety and security concern.[23]

The Court agrees with the Magistrate Judge that RCC's decision to withhold magazines such as <u>Seventeen</u>, <u>Parenting</u>, and <u>Family Fun</u> from a convicted sex offender was reasonably related to a legitimate penological interest.[24]  Accordingly, plaintiff cannot successfully bring a First Amendment claim premised on RCC's actions.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."); *Prison Legal News v. Livingston*, 683 F.3d 201, 214-15 (5th Cir. 2012) (applying *Turner* and *Thornburgh*'s reasoning that prison regulations rationally related to legitimate penological goals are constitutional under the First Amendment).  Significantly, "courts must give 'substantial' deference to prison officials' judgment."  *Prison Legal News*, 683 F.3d at 215.  The Court will not second-guess the RCC officials' judgment here.  Therefore, plaintiff's objection is overruled.

Lastly, in his third objection to the Magistrate's R&R, plaintiff argues that the Magistrate inappropriately resolved his

---

[23]   R. Doc. 12-1 at 2-3, 6-11, 15-17.

[24]   R. Doc. 9 at 8.

Fourteenth Amendment due process claims.[25] To the extent that plaintiff seeks compensatory damages for his confiscated property and other property he was required to mail home before his transfer to Level 1 lockdown,[26] the deprivation of an inmate's personal property does not violate the Due Process Clause if the state provides an adequate postdeprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) ("An inmate's allegation that his personal property was lost, confiscated, or damaged does not state a claim under 42 U.S.C. § 1983, even when prison officials acted intentionally."). The Fifth Circuit recognizes that state tort law, such as the tort of conversion, provides an adequate postdeprivation remedy for inmates claiming damage to or destruction of their property. *See, e.g.*, *Mclure v. Turner*, 481 Fed. Appx. 167, 172 (5th Cir. 2012); *see also Dual Drilling Co. v. Mills Equip. Inv.*, 721 So. 2d 853, 856-57 (La. 1998) (Louisiana law recognizes the tort of conversion). To the extent that plaintiff reiterates arguments that his solitary confinement imposed an "atypical and significant hardship," excepting him from the Fifth Circuit's holding in *Sandin v. Conner*, 515 U.S. 472 (1995),[27] these arguments are adequately addressed by the Magistrate Judge's R&R

---

[25] R. Doc. 12 at 28.

[26] *Id.* at 30-33.

[27] *Id.* 12 at 34.

and need not be repeated here. Therefore, plaintiff's third objection is overruled.

Accordingly, plaintiff's federal civil rights claims are DISMISSED WITH PREJUDICE, and his state law claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __14th__ day of October, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE